Johnston, Judge
From the facts stated in the special verdict, I am of opinion that the contract is usurious, and that there should be judgment for the plaintiff.
Macay, Judge
I am clearly of opinion that the facts stated in the special verdict, amount to usury.
Taylor, Justice
Every case arising upon the act of Assembly to restrain excessive usury, must be viewed in all its circumstances, so as to ascertain the real intention of the parties. If that be corrupt in the substance and design, no pretext however plausible, no contrivance however specious, no colouring however artful, with which the transaction is veiled, will secure it from the censure of the law. Crimen omnia ex se nata vitiat.
I think this special verdict, discloses a clear case of usury. There is a debt due and an agreement to postpone the sale by which it was to be satisfied, for a consideration of ten dollars beyond the legal interest. The actual receipt of the debt, as well as the excessive interest for the forbearance, is also found. No part of the principal is put in hazard, but the whole is actually secured by the levy nor is the agreement to pay the excess subject to any contingency, but is sound to have been positive and absolute. In short, I do not perceive any principle upon which the attempt is usually made, to take case of this sort out of the act of Assembly
*31 If the doubt arose from the circumstance, that the execution being levied, the plaintiff had therefore no right to postpone the sale, but could only use his good offices to that end with the Sheriff, I should not conceive it as making an alteration in the cafe: For although the law does upon the levy, vest a possessory property in the Sheriff to enable him to protect it from wrong doers, yet he is substantially the agent or trustee for the plaintiff as to the produce of the goods. The law creates a privity between them, and will consider many acts done by the Sheriff, by direction of the plaintiff, as the acts of the plaintiff himself. Thus he may by parol, discharge a defendant when taken in execution upon a ca. fa. and if a payment of the money to the Sheriff, will upon a fi. fa. discharge the execution, by the same reason will a payment to the plaintiff himself, who may consequently put a stop to the sale. Cases might arise where a sale of all a defendants property was about to be made under such circumstances, as that the judgment could not possibly be discharged, when perhaps a postponement of the sale would produce a different result. Cases of combination also between the Sheriff and the bidders, might be checked by the timely interposition of the plaintiff, and thereby much future litigation saved. I think from the statement in this case, that the postponement and forbearance, must be considered as the acts of the then plaintiff; and that if they were not so, nothing would be more easy than to evade the act upon which this suit is brought.
Judgment for Plaintiff.
The Judges gave no opinion in this case respecting the operation of the act of Parliament, passed in the xxxist year of Elizabeth, chap. vth,